United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40601
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SERGIO DURAN-GOMEZ, also known as Sergio Duran

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-94-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirmed the conviction and sentence of Sergio Duran-Gomez ("Duran"). United States v. Duran-Gomez, No. 04-40601 (Dec. 17, 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duran argued in his initial brief and in his petition for a writ of certiorari that his sentence should be vacated because he was sentenced under the erroneous assumption that the Guidelines were mandatory. Our review of this issue is for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Although Duran has satisfied the first two criteria for establishing plain error, he is required to demonstrate that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); Valenzuela-Quevedo, 407 F.3d at 733. Duran has not met his burden because there is "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005).

In his initial brief, Duran challenged the constitutionality of 8 U.S.C. § 1326(b) and the validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998). Duran conceded that his argument was foreclosed by existing precedent, but he sought to preserve the issue for further review. Nothing in the Supreme Court's Booker decision affected the validity of Almendarez-Torres. See Booker, 125 S. Ct. at 756 (the Booker holding applies to any fact (other than a prior conviction)). The

decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), left <u>Almendarez-Torres</u> intact. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90 ("fact of a prior conviction" need not be submitted to a jury).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Duran's conviction. For the reasons set forth in this opinion on remand, his sentence is also AFFIRMED.

AFFIRMED.